## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL M. BISCOE, #346-716      :

     Petitioner                  :

         v.                  :     CIVIL ACTION NO. RDB-14-2328

WARDEN                     :

     Respondent               :

### MEMORANDUM OPINION

Respondent moves to dismiss Michael Biscoe's Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). (ECF No. 6). Biscoe has responded, arguing his case should be deemed equitably tolled because post-conviction counsel failed to inform him of the one-year limitations period. He also attributes the delay in filing to the loss of trial-related paperwork during a prison transfer. (ECF No. 8, pp. 1-2). After reviewing these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Court shall DISMISS the Petition as time-barred and DENY a Certificate of Appealability.

### Procedural History

On October 4, 2007, a jury sitting in the Circuit Court for Baltimore County convicted Biscoe of one count of armed robbery, three counts of robbery, three counts of second-degree assault, two counts of theft, and one count each of first- and third-degree burglary. (ECF No. 6-1, pp. 3, 8; ECF No. 6-2; ECF No. 3). He was sentenced on October 11, 2007 to sentences totaling twenty years' imprisonment. (ECF No. 6-1, p. 9). On January 14, 2010, the Court of Special Appeals affirmed Biscoe's conviction. (ECF No. 6-2; ECF No. 6-1, p. 10). The court's

mandate issued on February 16, 2010. (ECF No. 6-1, p. 10)  Biscoe did not file an application

for certiorari review by the Court of Appeals of Maryland (ECF 6-1, p. 10); thus, his judgment of

conviction became final for direct appeal purposes on March 3, 2010, when the time for such

filing expired. *See* Md. Rule 8-302 (certiorari petition must be filed in the Court of Appeals no

later than 15 days after the Court of Special Appeals issues its mandate).   A motion for

modification of sentence filed on October 12, 2007 (the day after sentencing) was held in

abeyance by the Circuit Court. (ECF No. 6-1, p. 9).  By operation of Maryland Rule 4-345( e),[1]

the motion for modification because null on October 11, 2012.[2]

On March 4, 2011, Biscoe filed a petition for post-conviction relief in the Circuit Court

for Baltimore County. (ECF No. 6-1, p. 10).  Relief was denied following a February 13, 2012,

hearing. (ECF No. 6-1, p. 11).  Biscoe filed an application for leave to appeal this ruling, which

was summarily denied by the Court of Special Appeals in an unreported opinion filed on

December 27, 2013.  The court's mandate issued on January 27, 2014.  (ECF 7-1, p. 8).

Biscoe seeks federal habeas corpus relief by asserting ineffective assistance of trial and

post-conviction counsel, misconduct on the part of a police witness, and a conversation he had

with a juror during trial. (ECF 3, pp. 6-7).  His Petition is signed August 10, 2014 ECF 1-7), and

is deemed filed on that date.[3] *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City*

*Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp.

917, 919-920 (D. Md. 1998). A one-year statute of limitations applies to habeas petitions in non-

capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d).   This one-year

---

[1] The Rule prohibits the court from revising a sentence after five years from the date of its imposition.

[2] On October 10, 2012, one day prior to the expiration of the limitations period, counsel moved for a hearing on the motion for modification. (ECF No. 6-1, p. 12).  The motion for hearing was denied on October 24, 2012. *Id.*

[3] Biscoe's letter to the Court, received on July 22, 2014, is deficient and presents no grounds for habeas corpus relief.  Even if the letter were accepted as a habeas Petition, however, it would still be deemed untimely.

period is, however, tolled while properly filed post-conviction proceedings or other collateral review proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (one-year limitations period subject to equitable tolling); *see also Wall v. Kholi*, 131 S.Ct. 1278, 1283 (2011).

The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the limitations period began to run on March 4, 2010, and expired one year later, on March 3, 2011, one day before Biscoe filed his post-conviction petition in the Circuit Court. Post-conviction proceedings were completed on January 17, 2013; Biscoe then waited nearly seven months to file the instant habeas corpus Petition. Clearly, Biscoe failed to seek federal habeas corpus relief in a timely manner, and offers no explanation by which this Court could find a basis for statutory tolling of the limitations period.

In order to be entitled to equitable tolling, Biscoe must establish that either some wrongful conduct by Respondent contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Biscoe claims that he is entitled to equitable tolling of the one-year limitations period because post-conviction counsel did not inform him of his right to federal habeas corpus review, much less explain the time within which such an action should be filed. He also indicates

3

paperwork related to his trial was lost at some unspecified time during a prison transfer, requiring family members to replace the documents. (ECF No. 8, p. 1).

Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Biscoe from timely seeking post-conviction relief and thereafter petitioning for federal habeas corpus review within the one-year limitations period. To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Biscoe has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the Court will deny and dismiss the Petition. A Certificate of Appealability will not issue because Biscoe has not made a "substantial showing of the denial of a constitutional right."[4] A separate Order follows.

JANUARY 30, 2015
_____
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[4] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a Certificate of Appealability in the district court does not preclude Biscoe from requesting a Certificate of Appealability from the appellate court.